# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00668-REB-MJW

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

v.

ST. ANSELM EXPLORATION CO.,
MICHAEL A. ZAKROFF,
MARK S. PALMER,
ANNA M.R. WELLS, and
STEVEN S. ETKIND,

        Defendants.

---

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** *(Docket No. 57-1)*

---

Each Party and their Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Rule 26") concerning the treatment of Confidential Information (as hereinafter defined), and state as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below) from third-party witness David H. Trautenberg (hereafter the "Producing Person"). The disclosure of such information outside the scope of this litigation could result in significant injury to one or more business or privacy interests of the Producing Person. The Parties have entered into this Stipulation and request the Court enter the Stipulated Protective Order for the

**EXHIBIT A**

purpose of preventing the disclosure and use of Confidential Information except as set forth below.

2. "Confidential Information" means information (regardless of how generated, stored, or maintained) or tangible things with respect to which the Responding Person is entitled to protection from public disclosure under Rule 26, including, but not limited to, any document, file, portions of files, or response to a discovery request, not made available to the public and designated by the Producing Person in the manner provided in Paragraph Three below, that:

(a) contain personal financial information;

(b) contain confidential personal information;

(c) contain confidential business information;

(d) contain confidential employment information;

(d) otherwise entitle the Producing Person to judicial protection from annoyance, embarrassment, oppression, or undue burden or expense under Rule 26; or

(e) contain any other category of information to which this Court subsequently affords confidential status.

3. The Producing Person shall designate "Confidential Information" in the following manner:

(a) For information in documentary form:

(i) By imprinting the word "Confidential" on the first page or cover of any document produced; and

(ii) By imprinting the word "Confidential" next to or above any response to a discovery request.

(b) For testimony given in deposition or in other pretrial or trial proceedings, by identifying on the record, or after the close of the deposition, hearing, or other proceeding within 20 court days after the transcript is available to all Parties by the court reporter, all protected testimony, and further specifying any portions of the testimony that qualify as "Confidential Information."

(c) For information produced in some other form other than documentary, and for any other tangible items, by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential."

(d) Inadvertent failure to designate qualified information or items as Confidential does not, standing alone, waive the Producing Person's right to secure protection under this Protective Order for such material.

4. Persons subject to this Protective Order may disclose Confidential Information only to the following persons:

(a) The Parties and counsel to this action, including any paralegal, clerical, or other assistant that such counsel employs or assigns to this matter;

(b) Outside vendors or service providers (such as copy-service providers, videographers, and stenographers) that counsel hire or assign to this matter;

(c) Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(d) As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) Any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form of Exhibit A;

(f) Any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form of Exhibit A;

(g) the Court and its personnel; and

(h) court reporters and their staffs.

5. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and, where required by Paragraph 4 above, shall obtain and retain the original executed Affidavit and Non-Disclosure Agreement.

6. If a Party objects to the designation of certain information as Confidential Information, the Party shall promptly inform the Producing Person in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the

- 4 -

information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

7. Use of Confidential Information in Court Proceedings: Any Party seeking to use any material designated pursuant to this Order as "Confidential Information" in any court filing or proceeding in this action, including but not limited to its use at trial, shall provide prior written notice (by fax or electronic mail if possible) to the Producing Person of its intention to do so. Such written notice shall be provided reasonably in advance of the anticipated date of filing or use of the "Confidential" material so that the Producing Person shall have sufficient time: (a) to meet and confer with the notifying Party regarding the public filling of such "Confidential" material, and the possibility of seeking to submit such material under seal in compliance with D.C.COLO.LCivR 7.2; and (b), if the Producing Person and the notifying party are unable to resolve this issue, to file a motion objecting to the public use or filing of the "Confidential Information", and requesting leave to file the material under seal in compliance with applicable law. The Court retains discretion whether to afford confidential treatment to any document, information, transcript, or other item designated as Confidential Information and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. In the event that Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status through such use.

8. Notwithstanding the foregoing, nothing contained in this Protective Order (a) will affect or restrict the rights of any Party with respect to its own documents or

information produced in this action, or (b) prevent any Party from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction. If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Confidential Information, that Party must so notify the Producing Person, in writing (by fax or electronic mail if possible) as soon as possible, and in no event more than three court days after having knowledge of receipt of the subpoena or order. Such notification must include a copy of the subpoena or court order.

That Party also must immediately inform in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, that Party must deliver a copy of this Protective Order promptly to the person in the other action that caused the subpoena or order to issue. The purpose of imposing these duties it to alert the interested parties to the existence of this Protective Order and to afford the Producing Party in this case the opportunity to try to protect his confidentiality interests in the court from which the subpoena or order issued.

9. Upon the written request of the Producing Person (which request shall not be made prior to the final disposition of this action, including the disposition of all appeals and any related administrative proceedings), all recipients of Confidential Information must either return it to the Producing Person, or, upon permission of the Producing Person, destroy such material. Notwithstanding this provision, counsel in this

action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order.

10. The termination of this action shall not relieve counsel or other persons obligated under this Protective Order from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

11. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

12. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

13. Inadvertent Production of Privileged Information.

(a) Nothing in this Protective Order shall require the disclosure of information which is protected by the attorney-client privilege, work product immunity, or other privilege or immunity.

(b) If the Producing Person becomes aware that he has inadvertently produced information or materials that are protected by the attorney-client privilege, work product immunity, or other privilege or immunity, the Producing Party shall promptly notify the Parties in writing of the inadvertent production.

(c) Once a Party is notified of the inadvertent production, it shall make reasonable efforts to gather up copies of the information and materials that were distributed to others and shall return all copies of such inadvertently produced material within three business days of receiving such notice. Any notes or summaries referring or relating to any such inadvertently or mistakenly produced material subject to claim of privilege or immunity shall be destroyed forthwith. Moreover, if a Party, upon review of information or materials produced to it, becomes aware that any portion of such information or materials could reasonably be considered to be protected by the attorney-client privilege, work product immunity, or other privilege or immunity, that Party shall promptly notify the Producing Person of the specific materials that could be so considered, and will not use such materials for any purpose until the issue has been resolved by agreement of the Parties or by order of the Court.

(d) Nothing herein shall prevent any Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court.

(e) Each Party shall refrain from distributing or otherwise using the inadvertently disclosed information or materials for any purpose until the discoverability of the materials is agreed by the Parties or resolved by the Court.

[Remainder of page intentionally left blank.]

**STIPULATED AND AGREED TO:**

Dated: March 1, 2012          s/ Barbara T. Wells
Nancy J. Gegenheimer
Barbara T. Wells
Counsel for Plaintiff Securities and Exchange Commission

Dated: March 1, 2012          s/ Thomas D. Birge
Thomas D. Birge, Esq.
Counsel for Defendants Anna Wells, Mark Palmer,
Michael Zakroff, and St. Anselm Exploration Co.

Dated: March 1, 2012          s/ Michelle Meyer
David A. Zisser, Esq.
Michelle Meyer, Esq.
Counsel for Defendant Steven Etkind

Dated: March 1, 2012          s/ Scott A. Meyers
Scott A. Meyers, Esq.
Counsel for David H. Trautenberg ("Producing Person")

Dated the 12th Day of March 2012

_[signature]_

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

## EXHIBIT A

## AFFIDAVIT AND NON-DISCLOSURE AGREEMENT

I, _____, state the following under penalty of perjury:

1. I have read and understand the attached Protective Order entered in Securities and Exchange Commission v. St. Anselm Exploration Co., et al., No. 1:11-cv-00668-REB-MJW (D. Colo.) and I agree to abide by its terms.

2. I understand that I may not divulge, or undertake to divulge, any Confidential Information except as authorized in the Protective Order and that I may not use Confidential Information for any purpose except as authorized by the Protective Order.

3. I hereby submit to the jurisdiction of the United States District Court for the District of Colorado for the purposes of enforcing the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

_____
(Address)

1830006v1
17999.00603